Dear Mr. Calhoun:
You requested the opinion of this office as to whether the Ouachita Parish Industrial Development Board (the "Board") may issue its revenue bonds, the proceeds of which would be loaned to a non-profit or "501(c)(3)" organization established for the benefit of the University of Louisiana at Monroe ("ULM") in order for the non-profit to renovate the food service area on the ULM campus.
R.S. 51:1152(B) sets forth the intent of the Legislature concerning the scope of municipal and parish industrial development boards as follows in pertinent part:
 B. It is the intent of the legislature by the passage of this Chapter to authorize the incorporation in the several municipalities or in the parishes in this state of public corporations to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to promote industry and develop trade by inducing manufacturing, industrial, commercial, and other enterprises to locate in this state and further the use of its agricultural products and natural resources; to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties for the abatement, elimination, control, and prevention of air, water, noise, or other pollution or to control or eliminate or dispose of liquid and solid wastes; and to acquire, own, lease, rent, repair, renovate, improve, finance, sell, and dispose of properties to the end that such corporations may be able to attract and retain business and commercial enterprises in the municipality or parish to maintain and expand employment and the economy in the area. It is further the intent of the legislature to vest such corporations with all powers that may be necessary to enable them to accomplish the aforementioned purposes, and more particularly to undertake and complete anti-pollution and
development projects. It is not intended hereby that any such corporation shall itself be authorized to operate any manufacturing, industrial, or commercial enterprise. This Chapter shall be liberally construed in conformity with the intentions herein expressed. (Emphasis added)
It is not disputed that food services are an important component of an institution of higher education, and that higher education indirectly induces economic development within the state. However, the type of projects which municipal and parish industrial development boards may engage in and support are specifically defined in Section 1151 of Title 51.
Projects are broken down into anti-pollution projects and developmental projects. R.S. 51:1151(4) sets forth the definition of "development project" in pertinent part as follows:
 (4)(a) "Development project" means any land, easement, servitude, leasehold interest, or other interest or right in land, and any building or other facility or improvement thereon, including a single or multiple occupant office building or building complex, and all movable and immovable properties deemed necessary in connection therewith, including parking garages, whether or not now in existence, which shall be suitable for use by the following or by any combination of two or more thereof:
 (i) Any industry for the manufacturing, processing, or assembling of any raw, agricultural, semimanufactured, or manufactured products.
 (ii) Any commercial enterprise in storing, warehousing, distributing, or selling any products of agriculture, fishing, forestry, mining, or industry.
 (iii) Business or professional offices.
 (iv) Hotels.
 (v) Any international, national, regional, or state offices of business or industry.
 (b) "Development project" also means any other facility that is determined by an industrial development board to be instrumental to the removal of blight or the redevelopment of distressed areas, or to promote economic development through the creation of jobs, or to enhance the tax base of a community through the construction, renovation, or rehabilitation of improvements, but does not include facilities designed for the sale or distribution to the public of electricity, gas, water, or telephone or other services commonly classified as public utilities.
Op.Atty.Gen. No. 80-1323 determined that Industrial Development Boards are not authorized to issue revenue bonds for the construction of a high school. We affirm the opinion, specifically the statement that "it was clear from the definition of `development project' that the buildings, improvements or structures to be built by industrial development boards are to be suitable for use by industry, for the manufacturing processing or assembling of agricultural or manufactured products for commercial enterprises, for mining for business purposes, etc. The term `developmental project' refers to a structure or improvement which will be used directly by a business or industrial establishment." The definition of "developmental project" does not include the renovation of food service areas of an institution of higher education.
It is the opinion of this office that municipal and parish industrial development boards are not authorized to issue revenue bonds to loan to a non-profit corporation to fund the renovation of food service areas at institutions of higher education.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH